UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO DEARAUJO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES JACKSON, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2419 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (See ECF Nos. 1, 2). Generally, plaintiff alleges that between January 2016 and July 2016, his medical treatment was either interfered with, delayed, or denied, demonstrating deliberate indifference to his serious chronic pain, in violation of his Eighth Amendment rights. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.　IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## IV. PLAINTIFF'S COMPLAINT

Plaintiff names Mule Creek State Prison's Dr. James Jackson and nurses Luwam Micael and M. Olsen[1] as defendants in this action. (See ECF No. 1 at 1). He states that between January 2016 and July 2016, each of them either delayed, denied or interfered with his medical treatment, demonstrating deliberate indifference to his serious medical need to have his chronic pain[2] treated in violation of his Eighth Amendment rights. (See id. at 1-6). He claims that during that time, he was experiencing severe pain which he repeatedly reported to defendant Jackson. (See id. at 3-4). However, defendant Jackson: (1) failed to follow through with a referral to ensure plaintiff would be seen by the pain committee, and (2) failed to act in any manner when he saw plaintiff to have his chronic pain treated. (See id.).

Plaintiff further asserts that in February 2016 and June 2016 he was seen by defendants Micael and Olsen, respectively for his chronic pain. (See ECF No. 1 at 4). Both defendants, plaintiff claims, "failed to act in any manner" to treat his pain. This, he contends, also demonstrated deliberate indifference to his serious medical needs.

## V. RELEVANT LAW

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate

---

[1] Plaintiff has identified these defendants as "Luwan Micael" and "M. Olsen." (See ECF No. 1 at 1-2). However, the records attached to the complaint that are signed by these defendants indicate that the proper spelling of their names are "Luwam Micael" and "M. Olsen." (See id. at 26-27, 35-37, respectively). Consequently, the Clerk of Court will be directed to change the spelling of these defendants' names on the docket.

[2] Although plaintiff does not describe in the complaint precisely where his pain is located (see ECF No. 1 at 1-6), a brief review of the thirty-plus pages of exhibits attached to the complaint leads the court to believe that the pain of which plaintiff complains is located in his upper shoulders, neck and lower back (see, e.g., id. at 8, 14).

indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). "This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then, he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.

Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a physician and [a] prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) (citations omitted) (brackets added); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (stating where defendant has based action on medical judgment that either of two alternative courses of treatment would be medically acceptable, plaintiff fails to show deliberate indifference as a matter of law). Mere negligence in diagnosing or treating a medical condition does not rise to the level of deliberate indifference, either. Colwell, 763 F.3d at 1081 (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) and Jackson, 90 F.3d at 332).

## VI. DISCUSSION

### A. Deliberate Indifference Claim Against Defendant Jackson

#### 1. Facts

In the complaint, plaintiff states that he met with his primary care physician, defendant Jackson, several times between January 2016 and July 2016. (See generally ECF No. 1 at 4). He contends that in February 2016, he met with defendant Jackson about his pain and that at that

time, defendant Jackson told him that his case had been put up for review before the pain committee and that plaintiff should expect to hear from it within four to six weeks.  (See id. at 3).

Plaintiff further contends that in March 2016, when plaintiff met with defendant Jackson about his chronic pain, defendant Jackson reiterated to plaintiff that his case was before the pain committee.  (See ECF No. 1 at 4).  Plaintiff states, however, that he would later learn through an inmate appeal he had filed that his case was not, in fact, up for review in front of the pain committee.  (See id.).  Thereafter, in June 2016, when plaintiff went to defendant Jackson again to be treated for his chronic pain, he states defendant Jackson told him that he had decided not to put plaintiff's case up for review before the pain committee.  (See id.).

Plaintiff claims that because defendant Jackson told him that he would present plaintiff's case to the pain committee in January 2016, but later told him in July 2016 that he had decided not to do so, plaintiff suffered with chronic pain for six months.  (See generally ECF No. 1 at 4).  Defendant Jackson's inaction, plaintiff argues, constituted deliberate indifference to plaintiff's serious medical needs.  (See id.).

**2. Analysis**

**a. Failure to Present Plaintiff's Case to Pain Committee**

To the extent plaintiff bases his deliberate indifference claim against defendant Jackson on the ground that defendant Jackson failed to present plaintiff's case to the pain committee, this claim is without merit.  This is because ultimately, the claim simply questions defendant Jackson's treatment plan for plaintiff.  Such an assertion does not constitute an actionable deliberate indifference claim.  See Colwell, 763 F.3d at 1068.

Plaintiff complains that for six months, defendant Jackson took a "let's wait and see" approach to the "proper" management of his pain.  (See ECF No. 1 at 6).  However, as a physician, defendant Jackson was able to make choices about how to manage plaintiff's pain that were within reason.  See Snow v. Gladden, 338 F.2d 999, 1001 (9th Cir. 1964) (stating prison medical officials have wide discretion in treating prisoners).  Furthermore, plaintiff fails to indicate, how – if at all – putting his case up for review in front of the pain committee would have led to relief of his chronic pain or what result plaintiff believed its review of his case would yield.

As stated earlier, deliberate indifference is a high legal standard. Toguchi, 391 F.3d at 1060. Mere negligence in diagnosing or treating a medical condition does not amount to deliberate indifference. See Hutchinson, 838 F.2d at 394. The offending conduct must be wanton. Wilson v. Seiter, 501 U.S. 294, 302 (1991).

Based upon these facts, defendant Jackson deciding not to present plaintiff's case to the pain committee does not appear to have been wanton, and plaintiff has stated no facts in support of a different finding. On the contrary, it appears that defendant Jackson's decision was part of a reasonable medical treatment plan, especially given the fact in March 2016, defendant Jackson told plaintiff that prior to presenting plaintiff's case to the pain committee, he first wanted to see how plaintiff responded to an increased dosage of his gabapentin prescription and that at that time, plaintiff agreed to this course of treatment. (See ECF No. 1 at 9, 33). The fact that plaintiff does not agree with defendant Jackson's plan now does not constitute deliberate indifference and is not actionable. Nevertheless, on the off-chance that there is more information that plaintiff can provide regarding his deliberate indifference claim against defendant Jackson, plaintiff will be given an opportunity to amend this claim.

### b. Failure to Treat Plaintiff's Pain

Next, to the extent plaintiff contends that between January 2016 and July 2016 defendant Jackson "failed to act in any manner" to treat plaintiff for his chronic pain and that therefore, he was deliberately indifferent to plaintiff's medical needs (see generally ECF No. 1 at 3-4), this claim is also without merit. This is because: (1) the statements to support the claim are vague and conclusory, and (2) the records provided by plaintiff directly contradict this claim.

With respect to the vague and conclusory nature of plaintiff's claims, as previously stated, plaintiff's deliberate indifference argument rests on the faulty premise that defendant Jackson was deliberately indifferent to his pain solely because he did not put plaintiff's case before the pain committee. (See id. at 3-6). A complete review of the complaint yields no additional statements by plaintiff that are unrelated to the pain committee issue which would otherwise support a deliberate indifference claim. (See generally id. at 1-6). Thus, without the meritless pain committee allegation, plaintiff's deliberate indifference argument falls flat, amounting to nothing

7

more than conclusory statements with no supporting facts. (See generally id.). Conclusory statements, without more, are insufficient to establish a claim of relief. See Iqbal, 556 U.S. at 678.

Regarding the court's observation that the records provided by plaintiff contradict his claim that defendant Jackson was deliberately indifferent to plaintiff's chronic pain the court notes the following: First, plaintiff admits that in February 2016, defendant Jackson was responsive to plaintiff's complaints of pain. Specifically, plaintiff states that at that time, when he went to defendant Jackson for pain treatment, defendant Jackson increased his prescription for gabapentin. (See ECF No. 1 at 3). Records plaintiff has provided support this fact. (See id. at 22) (defendant Jackson's progress notes); (see also id. at 8) (appeal form stating in February 2016 plaintiff's gabapentin was increased from 600 to 800 mg three times a day). In addition, plaintiff was offered nonsteroidal anti-inflammatory drugs and acetaminophen, but he declined them. (See id. at 21).

Next, undisputed appeal and medical records provided by plaintiff show that in March 2016, when plaintiff was seen by defendant Jackson for his chronic neuropathic pain in his upper and lower spine, plaintiff stated that he was able to do some exercises, and plaintiff's records indicated that he was able to perform his activities of daily living. (See ECF No. 1 at 8, 33). Despite these facts, defendant Jackson still opted to increase plaintiff's gabapentin prescription to 900 mg three times a day. (See id. at 8-9, 33). At that time, defendant Jackson also told plaintiff that the paperwork to schedule a pain intake appointment for him was going to be put on hold until it was determined whether the higher dosage of gabapentin was effective for his pain. (See id. at 9, 33). The record indicates that plaintiff agreed with this plan of care. (See id. at 8, 21). It also shows that defendant Jackson opted to continue plaintiff's enrollment in the Chronic Care Program as well. (See id. at 32). Furthermore, the records provided indicate that at that time, plaintiff had also been prescribed 300 mg of oxcarbazepine twice a day, which, according to California Correctional Health Care Services authorities, is recognized as a pain management medication by the California Correctional Health Care Services Pain Management Guidelines 2009. (See id. at 9).

8

In sum, because plaintiff's overall statements about defendant Jackson's treatment of him during this six-month period are vague and conclusory (see ECF No. 1 at 3-4) and because the records provided by plaintiff directly contradict his claim that between January 2016 and July 2016 defendant Jackson was deliberately indifferent to his serious medical needs, this claim is without merit. However, plaintiff shall be given an opportunity to amend the complaint to provide additional information with respect to this claim that may make it cognizable.

**B.     Deliberate Indifference Claims Against Defendants Micael and Olsen**

**1. Facts**

With respect to plaintiff's claims against defendants Micael and Olsen, plaintiff's claim against defendant Micael states in its entirety:

> On 2-26-16 [I] was seen at the facility "B" clinic for [my] chronic pain per [my] request and was seen by defendant Micael, R.N. Defendant Micael failed to act in any manner and was deliberate and indifferent [sic] to [my] [m]edical needs as defendant Micael failed to act in any manner.

(ECF No. 1 at 4) (brackets added).

Plaintiff's claim against defendant Olsen states in its entirety: "On 6-28-16 [I] requested to be seen due to [my] chronic pain and was see[n] by defendant M. Olsen who failed to act in any manner due to [my] chronic pain. Defendant Olsen was deliberate and indifferent to [my] ongoing serious medical needs." (ECF No. 1 at 4) (brackets added). Additional statements plaintiff makes about both defendants Micael and Olsen are the following:

> Defendant M. Olsen did nothing when [I] complained to her about being in serious pain. Defendant Micael R.N. also faied [sic] to act when [I] personal [sic] complained to her about [my] chronic pain. Therefore all named Defendants were deliberate and indifferent to the chronic pain [I] was experiencing. Each named Defendant herein delayed, denied and failed to act personally. Their inactions clearly showed deliberate and [sic] indifference to plaintiff's seious [sic] chronic pain as shown within the complaint and the supporting documents.

(ECF No. 1 at 6) (brackets added).

////

////

9

### 2. Analysis

#### a. Defendant Olsen

Plaintiff's claim that defendant Olsen was deliberately indifferent to his pain in June 2016 (see ECF No. 1 at 4) is without merit. This is because the record provided by plaintiff directly contradicts this claim.

The sole incident in question to which plaintiff refers that involves defendant Olsen took place in June 2016. (See ECF No. 1 at 4, 34-37). During that month, plaintiff filled out a health care services request form to be treated because he had twisted his knee while playing soccer. (See id. at 35). The next day, he was seen by defendant Olsen. (See id. at 35-37). In response to plaintiff's complaints of pain, defendant Olsen gave him 220 mg tabs of naproxen sodium to take. (See id.). Defendant Olsen also wrapped plaintiff's knee and advised him to keep it elevated and to rest it. (See ECF No. 1 at 37). In addition, defendant Olsen advised plaintiff to stay hydrated while taking the medication and to take it with food to avoid nausea. (See id.). Finally, defendant Olsen advised plaintiff to return to the clinic if his symptoms worsened. (See id.). During the visit, plaintiff stated that he understood these instructions. (See id.).

In light of these facts, plaintiff's claim that in June 2016 defendant Olsen "failed to act in any manner" to treat plaintiff's chronic pain and that therefore, he or she was deliberately indifferent to it is clearly contradicted by the record. Consequently, this claim is without merit. However, plaintiff will be given the opportunity to amend this claim as well.

#### b. Defendant Micael

Plaintiff claims that in February 2016, defendant Micael demonstrated deliberate indifference to plaintiff's chronic pain when she "failed to act in any manner" to treat it. (See ECF No. 1 at 4). Plaintiff provides no demonstrative facts to support this claim. However, the records plaintiff references to support it chronicle defendant Micael's treatment of plaintiff in January 2016. (See id. at 4, 25-27). At that time, in response to plaintiff's complaint of chronic pain under the right side of his ribs which had been ongoing for the past few days, defendant Micael advised plaintiff to continue activity only if he could tolerate it and to resubmit a 7362 form and follow up in the nurse's clinic in 72 hours if his symptoms persisted. (See id. at 26).

10

The application of ice or heat as appropriate was also advised. (See id. at 27). In addition, plaintiff received a referral to a follow up appointment with a nurse. (See id. at 26).

Given these facts, it is clear that plaintiff's allegation that defendant Micael "failed to act in any manner" to treat plaintiff's pain is also directly contradicted by the record. As a result, plaintiff's deliberate indifference claim against him is without merit. All the same, plaintiff will be given an opportunity to amend this claim as well.

**VII.  OPTIONAL LEAVE TO AMEND**

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, the court will dismiss the instant complaint without prejudice, and the newly filed amended complaint will take its place. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis filed October 30, 2017 (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency issued concurrently herewith;

3. Plaintiff's complaint filed October 30, 2017 (ECF No. 1) is DISMISSED with leave to amend;

4. Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute, and

5. The Clerk of Court shall correct the spelling of the names of defendants "Luwan Micael" and "M. Olson" on the docket. The new spellings shall be "Luwam Micael" and "M. Olsen."

Dated: June 7, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/dear2419.scrn